[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal to the Superior Court from a decision of the defendant Planning Commission of the City of Bristol denying the plaintiff's application for approval of a CT Page 6333 one lot subdivision for property located on Hart Street in Bristol, Connecticut. The appeal is brought under the provision of 8-28 and 8-8 of the Connecticut General Statutes which states, in part
 "Any person aggrieved by an official action or decision of a planning Commission . . . may appeal therefrom . . . to the Superior Court for the judicial district within which the municipality with such planning Commission lies. . . ."
A court hearing was held on June 11, 1993 at the Superior Court in New Britain. The plaintiff offered the testimony of Ronald Forcier of Bristol, Connecticut. Mr. Forcier was a real estate broker who was acquainted with the plaintiff who lives in Florida. Mr. Forcier testified that he examined the land records of Bristol and found that Lot 11, Hart Street, (the subject of this appeal) was in fact owned by the plaintiff Deborah Baker. He further testified that this lot was part of a failed subdivision which was abandoned and that the lot did front on Hart Street. He also stated that it was his opinion that the lot did conform to all the subdivision regulations.
Based on this testimony, the court finds that the plaintiff has demonstrated a specific, personal and legal interest in the subject matter of the appeal and that this special interest has been specifically and injuriously affected by the denial action. Johnson v. Zoning Board of Appeals,151 Conn. 622, 623; I.R. Stich Associates, Inc. v. Town Council,152 Conn. 1, 3. Thus, the court finds that the plaintiff has standing to take the appeal.
The factual pattern of the case reveals the following:
a) On December 30, 1991, the plaintiff applied for a single lot subdivision pursuant to the subdivision regulations.
b) On March 25, 1992, the plaintiff appeared at a public hearing, presented evidence, and subsequently the defendant Commission voted 4-0 to deny the application "without prejudice." CT Page 6334
The plaintiff alleges that the defendant Board acted illegally, arbitrarily and contrary to its own regulations and statutes in that:
1) The defendant Board wrongfully refused to process the application;
2) deliberately, arbitrarily and capriciously prolonged the legal proceedings;
3) failed to grant a fair hearing to the plaintiff, and
4) maintained a course of conduct which consistently abused the authority vested in the defendant Board.
The record filed with the court indicates that the application was accepted at the January 22, 1992 meeting. At that meeting, Ronald Smith, Director of Public Works, informed the defendant Board that the lot was part of a failed subdivision. Because of that failure there might be more than one party in interest to the lot. He further advised the defendant Board that the offered map does not show utilities; lot numbers, does not show the entire property being cut from, does not show driveway location, does not have a bond or a request for a waiver and that the map lacks an engineer's seal. (Return of Record, Exhibit 21, p. 3).
As a result of these difficulties, a public hearing was set for March 25, 1992. Mr. Smith again informed the defendant Commission that the map still lacks vital information such as not showing the entire parcel and owners involved. Plaintiff's counsel stated that he was "not capable of sending surveyors across abutting pieces of property which his client doesn't own." (Return of Record, Exhibit 22, p. 10).
As a result of the lack of information supplied at the March 25, 1992 meeting, the Commission voted to deny the application, without prejudice, because it did not meet the requirements of the subdivision regulations. (Return of Record, Exhibit 22, p. 21).
The primary issue before the court is whether the Commission acted illegally, arbitrarily and in abuse of its CT Page 6335 discretion in denying the application without prejudice. The court is mindful of the fact that its powers of review are quite limited. It is not the function of the court, to retry the case or substitute its judgment for that of the administrative agency. Frito-Lay, Inc. v. Planning and Zoning Commission,206 Conn. 554, 572-73.
It appears to the court that the defendant tried very hard to assist the applicant in every way possible. Not only did it spell out in great detail the exact information it required but it even suggested that the applicant apply directly for a building permit since only one lot is involved. (Return of Record, Exhibit 22, pp. 11 and 12).
The court finds that the reasons given for the denial are sufficient to justify the Board's action. The plaintiff has failed to sustain her burden of proof.
For the reasons stated above, the appeal is denied and judgment may enter for the defendant plus costs.
HARRY N. JACKAWAY JUDGE, SUPERIOR COURT